IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN COUNTS, DANIEL DECKER, CHRISTINE ANDERSON, | Case No. 2:12-cv-109 |
| Plaintiffs, | Chief Judge Gary L. Lancaster/ Magistrate Judge Cynthia Reed Eddy |
| v. | |
| CHARLES E. MOHN, COMPUTERIZED MUDLOGGING SERVICE, INC., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

This is an action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. § 201, et seq., and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. Ann. § 260.1, et seq. Pending is a Motion to Dismiss for Failure to State a Claim [ECF No. 7] filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Charles E. Mohn ("Mohn"). Mohn contends he cannot be held liable for any of the violations alleged because he "is shielded from personal liability [under either Act] by the terms of 15 Pa. Cons. Stat. Ann. §8922(a).[1] The Court finds that the Complaint does not meet the governing pleading standard with respect to Mohn, and recommends that his Motion be granted.

---

[1] This section reads:

> (a) General rule.--Except as provided in subsection (e), the members of a limited liability company shall not be liable, solely by reason of being a member, under an order of a court or in any other manner for a debt, obligation or liability of the company of any kind or for the acts of any member, manager, agent or employee of the company.

## II. REPORT

### A. The Essence of the Complaint

The facts underlying Mohn's Motion are taken largely from the Complaint. Defendant, Computerized Mudlogging Service, Inc., LLC ("CMS, LLC"), provides security for drilling companies operating at multiple Marcellus Shale gas well sites in and beyond western Pennsylvania. Plaintiffs are employed by CMS, LLC as security guards working "an alternating schedule of eighty-four (84) and forty-eight (48) hour weeks." [ECF No. 1 at ¶¶ 12-13, 20]. They allege that although they qualify as CMS, LLC employees pursuant to a comprehensive list of criteria, "Defendants have willfully and continually misclassified [them] as independent contractors," depriving them of overtime wages for weeks in which they worked in excess of forty hours and for days in which they worked more than eight hours. [Id. at ¶ 40]. Plaintiffs also allege that Defendants have willfully violated their obligation to provide mandatory fringe benefits such as making contributions for social security, Medicare, workers compensation, and unemployment. According to Plaintiffs, the Defendants' actions with respect to overtime and benefits violate their rights under the FLSA and state law. [Id. at ¶ 50].

### B. The Basis for Mohn's Motion to Dismiss

Mohn states that at all times relevant Plaintiffs have been employed exclusively for CMS Security, LLC, a Pennsylvania limited liability company, which is not named as a Defendant. He also contends that he cannot be liable for actions taken by this CMS Security, LLC, or any other LLC, including CMS, LLC, because he is insulated from personal liability under Pennsylvania

law. According to Mohn, all CMS entities were set up as LLCs before any of the Plaintiffs were employed.[2]

Finally, Mohn argues that he cannot be held liable for acts committed during his alleged association with CMS - which Plaintiffs identify as a sole proprietorship - because this entity does not exist and has never existed.[3] Mohn also contends that even assuming, arguendo, that he was associated with a sole proprietorship employing the Plaintiffs, their allegations are insufficient to survive the Motion to Dismiss.

C.     **Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. The United States Supreme Court has instructed that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

In evaluating a motion to dismiss, the Court must accept as true all well-pleaded facts and allegations and draw all reasonable inferences therefrom in favor of Plaintiffs. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Twombly, 550 U.S. at 555. The "factual allegations must be enough to raise a right to relief above the speculative level." Id. The Supreme Court clarified this

---

[2] In support of this argument, Mohn has attached to his Motion the results of a search of Pennsylvania Department of State Corporations filings made on March 23, 2012. These records show that CMS Security, LLC was created on January 21, 2010, before any of the Plaintiffs were employed by a CMS entity. [ECF No. 7-1 at 1]. A second document, a copy of a Certificate issued by the state of Ohio purports to show that the Secretary of State of Ohio has custody of business records including Articles of Incorporation filed on December 31, 2008 by a domestic for profit limited liability company, Computerized Mudlogging Service, LLC. [ECF No. 7-2]. The effective date of that filing is listed as January 1, 2009. The Court need not and does not rely on these documents in reaching its recommendation with respect to the Motion to Dismiss.

[3] Although CMS is not named as a Defendant, the Complaint refers repeatedly to "Defendant CMS." See e.g., [ECF No. 1 12].

3

requirement when it stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). The showing required to overcome a motion to dismiss must establish "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). "This 'plausibility' analysis is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

After Iqbal, the United States Court of Appeals for the Third Circuit directed that district courts conduct a three pronged analysis to determine the sufficiency of a complaint. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 679). Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth" Id. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Id.

This standard does not impose a probability requirement at the pleading stage, but instead requires that the facts alleged be sufficient to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claims made. See Matrixx Initiatives, Inc. v. Siracusano, ___U.S.___, ___, 131 S.Ct.1309, 1323 (2011) (citations omitted).

**D.    Discussion**

With this standard in mind, the Court turns to the Complaint. Only Paragraph Ten refers to Mohn by name, and its allegations are limited to Mohn's alleged role in CMS, LLC: "On information and belief, Defendant Charles Mohn is the owner, officer, director and/or managing agent of CMS, LLC who participates in the day-to-day operations of CMS, LLC and acted intentionally and maliciously and is an 'employer' pursuant to the FLSA . . . and Regulations promulgated thereunder." [ECF No. 1]. Thus, although Plaintiffs deny in their brief [ECF No. 9 at 4] that they rely only on Mohn's association with CMS, LLC in order to establish his liability, this is belied by the fact that the only specific reference to Mohn made in the Complaint addresses his role in CMS, LLC.

Plaintiffs argue that their use of the plural term "Defendants" throughout the Complaint establishes that the allegations relating to the purported sole proprietorship, CMS, were intended to encompass Mohn. This argument does not impress the Court. Plaintiffs refer multiple times to illegal conduct on the part of "Defendant CMS, in addition to Defendant CMS, LLC."[4]  See [ECF No. 1 ¶¶ 12, 41, 48, 55]. Thus, in the many paragraphs where Plaintiffs use the plural term "Defendants," it is not clear that the allegations apply to Mohn, and are not limited to CMS and CMS, LLC.

Given the shortcomings noted, the Court finds that Plaintiffs' Complaint with respect to Mohn is fatally deficient under the Twombly/Iqbal standard. In fact, the specific allegations applicable to Mohn do not suggest "a . . . possibility that [he] has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The factual allegations implicating Mohn fail altogether to raise Plaintiffs' right to relief above the "speculative level." Twombly, 550 U.S. at

---

[4] CMS, though is *not* a Defendant.

5

555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). Plaintiffs Complaint against Mohn lacks even a soupçon of plausibility. Consequently, the pending Motion to Dismiss should be granted.

III. CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Mohn's Motion to Dismiss [ECF No. 7] be granted. It further recommends that the Motion be granted without prejudice in order to give Plaintiffs the opportunity to amend the Complaint should they so choose.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by June 13, 2012. Failure to file timely objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any response to objections is due on or before June 25, 2012.

    Respectfully submitted,

    /s/ Cynthia Reed Eddy
    United States Magistrate Judge

Dated: May 30, 2012

cc: Counsel of record pursuant to CM-ECF